### HENRY STEAGALL v. LAUGHLIN C. McKELLAR.

The judgment was reversed in this case because the charge of the Court assumed the main fact in controversy, and the defendant had asked a charge which should have been given, or, at least, which called the attention of the Court to the real issue upon which the jury should have been instructed.

Where there is a contract for the sale of corn, for which the purchaser is to come at a certain time, and pay the price when delivered, the purchaser cannot demand the corn after the time has passed; and if the time is stated indefinitely, as say two or three weeks after the contract, especially where there is evidence showing that time was an essential inducement to the seller, it should be left to the jury to find what was the contract (being oral) of the parties, as to time.

Error from Gonzales. Tried below before the Hon. Fielding Jones.

Suit commenced March 4th, 1857, by appellee against appellant, for damages for failure to deliver corn according to contract. The petition alleged a contract by defendant in the latter part of December, 1856, by parol, to deliver to plaintiff 1000 bushels of shelled corn, in sacks, at defendant's plantation in said county,

where plaintiff should call for it, for which plaintiff was to pay eighty-five cents per bushel; plaintiff to furnish the sacks; that soon afterwards plaintiff furnished the sacks, and on the 14th of February, 1857, demanded the corn at defendant's plantation, and was then and there ready to pay for the same; but defendant only delivered 185 bushels, and refused to deliver any more. ·

The petition then alleged special damage, and that "partly in consequence of its enhanced value and partly from the advantageous contract he had made for the delivery of corn at San Antonio" (previously alleged) "the said corn was worth to him fifty cents per bushel over and above the eighty-five cents per bushel." The whole damages were laid at $815. General demurrer and answer that if defendant ever made any such contract with plaintiff, it was stipulated therein that the plaintiff should come and receive said corn and pay for the same within a short time, say two or three weeks after the alleged contract; but that plaintiff did not come to receive said corn at the time stipulated, nor within a reasonable time thereafter, but long after that time, to wit: about the middle of the month of February, 1857; and defendant avers that by said neglect on the part of plaintiff to come after said corn or pay the money for the same within the time specified or within a reasonable time thereafter, the said contract was broken by plaintiff, and defendant was released from all obligation to sell and deliver, &c. (The general denial, and the evidence introduced in consequence of it, about which there was really no controversy, are omitted.)

General demurrer overruled. The proof was that "plaintiff was to call and get the corn within two or three weeks after the contract, although no particular time was specified;" that defendant soon afterwards received the sacks from witness, who made the contract as plaintiff's agent; that a short time afterwards defendant told witness that unless plaintiff should come and get the corn in a few days, or before he, defendant, began to work his crop, he, plaintiff, should not have the corn, as defendant would have no time to shell and sack the same for him; that witness informed plaintiff what defendant said; but witness did not know when plaintiff went for the corn; that the price of corn about the middle of February, 1857, was $1 per bushel in the cob, and that the cost of shelling and sacking it was about ten cents per bushel. On cross-examination, witness stated that his representations to defendant, that plaintiff would pay cash down for the corn, and that he would get the corn soon, were the chief

Steagall v. McKellar.

inducements to defendant to sell the corn at that time, and for that price, defendant remarking at the time that he was in need of money. There was no evidence in support of the allegations of special damages.

The Court gave the following charge, without request: If the jury believe from the evidence, that the defendant, McKellar, agreed to deliver to Steagall one thousand bushels of corn, shelled and sacked, and that the defendant, McKellar, failed to comply with the contract on his part when Steagall went and called for the corn, or if the defendant delivered part only of the thousand bushels of corn, you should find for the plaintiff the difference between the value of the corn at the time of the sale and the price it was selling for when the corn was called for by plaintiff, for so much as defendant failed to deliver.

The following instruction was asked by defendant and refused: If the jury believe from the evidence, that the plaintiff did not demand the corn at the time specified by the parties, you will find for the defendant.

Verdict and judgment for the plaintiff for $163 43. Motion for new trial overruled, &c.

Bills of exception showing that the Court excluded evidence offered by defendant, to prove that he was working his crop when plaintiff came for the corn; and that defendant excepted to the proof of the price of corn at the middle of February, on the ground that he had not contracted to deliver the corn at that time, and because there was no allegation in the petition of the price of corn at that time.

*Parker & Nichols,* for plaintiff in error. The defendant's demurrer should have been sustained; the allegations of special damage being insufficient, and there being no allegation of the enhanced price of the corn. The plaintiff failed to come for the corn according to contract. (Parsons on Cont. 477, 481, note a; Id. 187; 2 Penn. R. 454; 16 Kentucky R. 267; Id. 439.) Hence the Court erred in the charge, which was too broad, and not in accordance with the law and evidence; and also in refusing the charge asked by defendant. The objections to the proof of the price of corn in the middle of February should also have been sustained. (1 Tex. R. 466; 16 Id. 408.)

*Stewart & Mills,* for defendant in error.

ROBERTS, J. The Court charged the jury, in effect, that if Mr. McKellar did not deliver the corn when called for by Steagall, they should find for the plaintiff below, Steagall, &c.

The charge assumed a fact which was in controversy, to wit: That the corn was called for at the time contemplated by the parties for its delivery, or that, the time not being definitely fixed by the contract, nearly three months was a reasonable time, within which, to call for the corn.

This charge cannot be sustained; especially as the Court's attention was called to it by a counter charge, asked by the defendant below; which was that " if the jury believe from the evidence, that the plaintiff did not demand the corn, at the time specified by the parties, you will find for the defendant." What rendered such a charge appropriate in the case, was the proof that it was a part of the contract, that the corn should be called for in two or three weeks, and the fact that McKellar should receive the money for the corn about that time entered into the contract, as he was in need of the money. This instruction should have been given; or at least, the Court's attention being called to the subject, it should have been fairly left to the jury to determine what was the contract of the parties as to the time within which the corn was to be called for by the purchaser. This not being done, the charge of the Court was erroneous, and must have controlled the verdict of the jury. (Parsons on Contracts, 477 and 481, note a; 2 Penn. R. 454.)

The petition may be sufficient upon general demurrer. But as to that it is unnecessary to decide, as the plaintiff may amend his pleadings, and indeed must do so, if he expects to maintain his suit under the evidence presented in the record. Other questions will not be noticed. Judgment reversed and cause remanded.

Reversed and remanded.